E-FILED 1/22/15
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CURRY AND M AND A MANAGEMENT AS AGENTS,<br><br>    Plaintiff,<br><br>vs.<br><br>GLYNN SMITH, DOES 1 through 10,<br><br>    Defendants. | CASE NO. CV 15-284-PSG (MANx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On January 14, 2015, Glynn Smith ("Defendant") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed against Defendant on September 10, 2014 (the "Complaint"), in Los Angeles Superior Court Case No. 14R09348. Defendant also presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim against Defendant (the "Unlawful Detainer Action"). The Court has denied the *in forma pauperis* application under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendant alleges that the Complaint is removable, because this Court has original jurisdiction over the Unlawful Detainer Action pursuant to 28 U.S.C. § 1331. Defendant asserts that federal question jurisdiction exists, because: Defendant filed an Answer in the Unlawful Detainer Action based on the argument that plaintiff did not comply with the notice requirements of California Code of Civil Procedure § 1161(2); the Answer was not "sustained"; and a resolution of the California Code of Civil Procedure § 1161(2) issue raised by the Answer requires a determination of Defendants' rights and plaintiff's duties under federal law. To remove a case based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint which the defendant seeks to remove. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if Defendant could establish that plaintiff violated California Code of Civil Procedure § 1161(2) in connection with the rental property that is the subject of the Unlawful Detainer Action, this would be a defense or cross-claim in the state action and/or provide the basis for a separate lawsuit. Defendant's allegations do not confer federal question jurisdiction over the Unlawful Detainer Action.

Defendant does not contend that diversity jurisdiction exists. The Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Indeed, the Complaint expressly alleges that the amount demanded "does not exceed $10,000." Thus, diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332(a).

The Complaint does not allege any basis for federal subject-matter jurisdiction, and thus, there is no basis for concluding that the Unlawful Detainer Action could have been

1  brought in federal court in the first place. Therefore, removal was improper. 28 U.S.C.
2  § 1441; *see* Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611
3  (2005).

5        Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior
6  Court of California, Los Angeles County, Santa Monica Courthouse, 1725 S. Main Street,
7  Santa Monica, CA 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C.
8  § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3)
9  the Clerk shall serve copies of this Order on the parties.

11        IT IS SO ORDERED.

13  DATED:   1/22/15  _____

                              _____
                              PHILIP S. GUTIERREZ
                           UNITED STATES DISTRICT JUDGE